| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | DAVID GAPPA<br>Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401<br>Fresno, Ca 93721 |
| 4 | Telephone: (559) 497-4000<br>Facsimile: (559) 497-4099 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DARNELL EDWARDS,<br><br>　　　　　　　　Defendant. | Case No: 1:19-CR-00238-DAD-BAM<br><br>STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND PROTECTIVE ORDER AND CERTIFICATION<br><br>Ctrm:　　　5<br>Hon.　　　Dale A. Drozd |

　　　This case involves charges related to the sex trafficking of minors. The discovery in this case contains private personal information regarding third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers and/or residential addresses (protected information). The case also involves images that might constitute depictions of a minor engaged in sexually explicit conduct that the government is not authorized to reproduce and the defense is not legally entitled to possess.

As a result, defendant DARNELL EDWARDS, by and through his counsel of record, Dan Harralson (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order should cover all discovery provided to or made available to defense counsel as part of discovery in this case including digital evidence and contraband.

3. The Federal Bureau of Investigation (FBI) and/or Department of Homeland Security Investigations (HSI) shall make a duplicate copy of any storage media containing contraband available for defense analysis. The defendant shall be responsible for providing the drive(s) onto which evidence is copied.

4. The duplicate copy of the digital evidence shall be made available for defense counsel, Dan Harralson, for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

5. Defense counsel shall not remove any hard drive(s) or other storage media from the FBI or HSI office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the defense may download and remove files or portions of files, provided the forensic integrity of the electronic device(s) is not altered. The defense will certify in writing (using the attached certification), that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the FBI or HSI premises by any means including any electronic transfer of files.

///

///

7. Except when a defense expert, if one is used, fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of any storage device(s) the device(s) shall be "wiped" clean.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel. By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than defense counsel's attorneys, designated defense investigators, designated defense experts, and support staff. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigators, and/or support staff. The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy protected information contained in the discovery. The parties agree that defense counsel, defense investigators, and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

10. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America (the government). Defense counsel will return the discovery to the government or certify that it has been shredded at the conclusion of the case.

11. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

12. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

13. In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this order.

Dated: November 18, 2019    By: /s/ Dan Harralson
                            Dan Harralson
                            Attorney for defendant
                            DARNELL EDWARDS

Dated: November 16, 2019    McGREGOR W. SCOTT
                            United States Attorney

                            By: /s/ David Gappa
                            David Gappa
                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>DARNELL EDWARDS,<br><br>                      Defendant. | Case No: 1:19-CR-00238-DAD-BAM<br><br>ORDER ON STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND CERTIFICATION<br><br>Ctrm:        8<br><br>Hon.        Barbara A. McAuliffe |

## ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Federal Bureau of Investigation shall make a duplicate copy of any electronic storage media available for defense analysis. The defendant shall be responsible for providing the drive(s) onto which evidence is copied.

2. The duplicate copy of the digital evidence shall be made available for defense counsel, Dan Harralson, and any proposed expert that the defense might retain for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

3. Should an expert be retained, the expert will be permitted to bring whatever equipment, books, or records he or she believes is necessary to conduct the examination;

4. Neither the defense expert nor defense attorney shall remove any electronic device or storage media from the FBI or HSI office.

5. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the defense may download and remove files or portions of files, provided the forensic integrity of the device(s) is not altered. The expert will certify in writing (using the attached certification), that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the FBI or HSI premises by any means including any electronic transfer of files.

6. Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

7. When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean.

8. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated: **November 20, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE